# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 22, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARTHA D. NEELY,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1052**  (BOR Appeal Nos. 2050350, 2050351, 2050354, & 2050360)
(Claim No. 2013022944)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martha D. Neely, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 2, 2015, in which the Board affirmed a March 9, 2015, Order of the Workers' Compensation Office of Judges. In its March 9, 2015, Order, the Office of Judges affirmed the claims administrator's July 17, 2014, and July 28, 2014, decisions denying requests to add the diagnoses of herniated cervical disc and right shoulder strain as compensable components of Ms. Neely's claim for workers' compensation benefits.[1] The Board affirmed a second Order of the Workers' Compensation Office of Judges dated March 9, 2015. In its second Order dated March 9, 2015, the Office of Judges affirmed the claims administrator's July 11, 2014, decision denying Ms. Neely's request to add depressive disorder as a compensable diagnosis. Additionally, the Board affirmed a March 11, 2015, Order of the Workers' Compensation Office of Judges. In its March 11, 2015, Order, the Office of Judges affirmed the claims administrator's October 7, 2014, decision denying Ms. Neely's request for payment of services rendered for the treatment of depressive disorder. Finally the Board affirmed a March 19, 2015, Order of the Workers' Compensation Office of Judges. In its March 19, 2015, Order, the Office of Judges affirmed the claims administrator's January 7, 2014; January 13, 2014; and February 11, 2014, decisions denying Ms. Neely's request for payment of services rendered by David Lynch, M.D. The Court

---

[1] Ms. Neely's request to add a herniated cervical disc as a compensable component of the claim was rejected based upon a finding that a cervical disc protrusion has already been added as a compensable diagnosis. The denial of Ms. Neely's request to add a herniated cervical disc as a compensable component of the claim was not appealed to this Court.

1

has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Neely was injured on February 25, 2013, while transporting a very large patient. On March 7, 2013, her claim for workers' compensation benefits was held compensable for cervical, thoracic, and lumbar sprains. A cervical disc protrusion/herniation was later added as a compensable component of the claim. In the instant appeal, Ms. Neely is requesting authorization for services rendered by Dr. Lynch on multiple occasions, the addition of a right shoulder sprain as a compensable component of the claim, the addition of depressive disorder as a compensable component of the claim, and authorization for payment of services rendered for the treatment of depressive disorder.

On January 7, 2014, the claims administrator denied a request for authorization of payment for services rendered by Dr. Lynch on October 21, 2013. On January 13, 2014, the claims administrator denied a request for authorization of payment for services rendered by Dr. Lynch on November 19, 2013. On February 11, 2014, the claims administrator denied a request for authorization for payment of services rendered by Dr. Lynch on December 17, 2013. On July 11, 2014, the claims administrator denied a request to add depressive disorder as a compensable component of Ms. Neely's claim for workers' compensation benefits. On July 17, 2014, the claims administrator denied a request to add a right shoulder sprain as a compensable component of Ms. Neely's claim for workers' compensation benefits. On July 28, 2014, the claims administrator denied a repeat request to add the right shoulder as a compensable diagnosis. Finally, on October 7, 2014, the claims administrator denied a request for payment of services rendered on August 21, 2014, in correlation with the treatment of depressive disorder.

On March 9, 2015, the Office of Judges affirmed the July 17, 2014, and July 28, 2014, claims administrator's decisions. In a separate Order dated March 9, 2015, the Office of Judges affirmed the July 11, 2014, claims administrator's decision. On March 11, 2015, the Office of Judges affirmed the October 7, 2014, claims administrator's decision. Finally, on March 19, 2015, the Office of Judges affirmed the January 7, 2014; January 13, 2014; and February 11, 2014, claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions contained in all four Orders of the Office of Judges in its decision dated October 2, 2015.

Regarding the request for authorization of services rendered by Dr. Lynch, the Office of Judges found that Ms. Neely failed to introduce any evidence relating to the services rendered on October 21, 2013. Regarding the services rendered on November 19, 2013, and December 17, 2013, the Office of Judges found that Dr. Lynch's treatment notes indicate that he was treating

2

Ms. Neely for various sprains/strains of the spinal column.[2] In that regard, the Office of Judges found that on September 12, 2013, Bill Hennessey, M.D., performed an independent medical evaluation and opined that Ms. Neely was in no further need of treatment in relation to the February 25, 2013, injury. Further, the Office of Judges found that on December 5, 2013, Bruce Guberman, M.D., performed an independent medical evaluation and opined that no further treatment or diagnostic testing was necessary, aside from the continuation of medications and follow-up visits with her physician. Despite the fact that the evidence of record indicates that Dr. Lynch was rendering treatment for sprains/strains, on appeal Ms. Neely asserts that she was actually receiving treatment for a herniated nucleus pulposus at C5-6, which was previously added as a compensable component of the claim. As was noted by the Office of Judges, Ms. Neely has not introduced any evidence indicating that Dr. Lynch was rendering treatment on the dates at issue for anything other than a cervical sprain which, according to the medical evidence of record, should have resolved long ago.

Regarding the request to add a right shoulder sprain as a compensable component of the claim, the Office of Judges noted that Ms. Neely has repeatedly litigated this very issue, with her continued submission of virtually identical evidence in each repeated request to add a right shoulder sprain as a compensable diagnosis. In *Martha D. Neely v. West Virginia United Health System,* 15-0477 (memorandum decision), we affirmed the most recent rejection of Ms. Neely's request to add the right shoulder as a compensable body part.

Regarding the request to add depressive disorder as a compensable diagnosis and authorize treatment for such, the Office of Judges found that Ms. Neely has failed to introduce any evidence indicating that she complied with the requirements outlined in West Virginia Code of State Rules § 85-20-12.4 (2006). West Virginia Code of State Rules § 85-20-12.4 provides:

> Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The psychiatrist shall provide this information, and all other information required in section 8.1 of this Rule in his or her report. Failure to provide this information shall result in the denial of the additional psychiatric diagnosis. Based on that report, the Commission, Insurance Commissioner, private carrier, or self-insured employer, whichever is applicable, will make a determination, in its sole discretion, whether the psychiatric condition is a consequence that flows directly from the compensable injury.

---

[2] None of Dr. Lynch's treatment notes were provided for review on appeal to this Court.

Moreover, Ms. Neely has failed to introduce any evidence whatsoever relating to a diagnosis of depressive disorder on appeal to this Court. As was noted by the Office of Judges, because depressive disorder is not currently a compensable component of the claim, Ms. Neely is not entitled to authorization of treatment for this condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4